IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---------------------------------------------------------  :
ERIK ALVAREZ-VALDOVINOS,         :   CASE NO.  4:12 CV 02004
                                 :
                Petitioner    :
                                 :
    -vs-                         :   <u>MEMORANDUM AND ORDER</u>
                                 :
                                 :
WARDEN F.C.I. ELKTON,            :
                                 :
                Respondent.
---------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

      Before the Court is pro se petitioner Erik Alvarez-Valdovinos's petition for the writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  Mr. Alvarez-Valdovinos (hereinafter "petitioner"), who is presently incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), seeks a court order directing the respondent to transfer him to F.C.I. Sandstone in Minnesota so that he might be closer to his family. For the reasons that follow, the petitioner's request will be denied and his petition dismissed.

      In January 2012, the petitioner submitted a request to F.C.I. Elkton officials seeking a lateral transfer to a prison facility closer to his family. He states that the request was denied because the Immigration and Customs Enforcement Agency had designated him as a deportable alien with a pending detainer. Pursuant to Bureau of

Prisons policy, a deportable alien is ineligible for "nearer release transfer." See BOP PS 5100.08, Chap. 7, p. 4 Policy Statement (PS) 5100.08.

The petitioner contends that his rights of due process and equal protection under the Fifth and Fourteenth Amendments of the United States Constitution were violated when his transfer request was denied. The petitioner indicates that undocumented aliens within the territorial United States are entitled to the same equal protection under the law as citizens of the United States, pursuant to Plyler v. Doe, 457 U.S. 202 (1982).

This Court is required to award an application for the writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970).

In this instance, the petitioner has not met his burden, because, as a threshold matter, prisoners do not have a liberty interest in being assigned to the facility of their choice. See Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976). The requirements of procedural due process apply only to the deprivation of "liberty and property" interests under the Fifth and Fourteenth Amendments. See Board of Regents v. Roth, 408 U.S. 564, 571(1972). Without a liberty interest at stake, the petitioner cannot claim any entitlement to due process protection. See Wilkinson v. Austin, 545 U.S 209, 221 (2005).

Further, the petitioner does not meet his burden to show an equal protection violation. As a prisoner, the petitioner is not a member of a suspect class. Hampton v. Hobbs, 106 F.3d 1281, 1286 (6th Cir.1997). Therefore, the BOP's decision to deny his

2

request for "nearer release transfer" need only be rationally related to a legitimate government interest. The BOP's decision is consistent with its policy, and its policy is clearly related to legitimate governmental interests. The relevant Policy Statement 5100.08, Inmate Security Designation Custody Classification Manual, provides that inmates subject to deportation, removal, or ICE detainer "will not be transferred for nearer release purposes since they will be returning to the community outside, rather than inside, the United States upon release." BOP P.S. § 5100.08, Chap. 7, p. 4.

The petitioner also does not establish that persons similarly situated to him, who hold the same or similar security classifications have been afforded favorable treatment that he has been denied. See Reed v. Reed, 404 U.S. 71, 76 (1971).  Therefore, he has failed to establish that the BOP is improperly executing his sentence and that he is entitled to habeas relief as a result.

The petitioner's motion to proceed in forma pauperis is granted, and, for the reasons stated above, the instant petition is dismissed pursuant to 28 U.S.C. § 2243. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

                                    /s/Lesley Wells
                                UNITED STATES DISTRICT JUDGE

Date:  28 May 2013